UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARVIN MYERS,**

      **Plaintiff,**

  v.                                **Civil Action 2:21-cv-5191**
                                       **Judge Sarah D. Morrison**
**ANNETTTE CHAMBERS-SMITH,**        **Magistrate Judge Chelsey M. Vascura**
**DIRECTOR, OHIO DEPARTMENT**
**OF REHABILITATION AND**
**CORRECTION,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's November 17, 2021 Order (ECF No. 6). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Plaintiff filed a Motion for Preliminary Injunction and a Motion for Appointment of Counsel on November 2, 2021. (ECF Nos. 1 and 2.) Because Plaintiff did not file a complaint or pay the filing fee, the Court ordered him to file a complaint and to either pay the $402.00 filing fee or submit a properly supported application to proceed *in forma pauperis* by November 18, 2021. (November 4, 2021 Order and Notice of Deficiency, ECF No. 3.) On November 15, 2021, Plaintiff filed a Notice of Change of Address and a Motion for Extension of Time to comply with the Court's November 4 Order. (ECF Nos. 5–6.) On November 17, the Court extended the time for Plaintiff to file his complaint and to either pay the filing fee or submit an

application to proceed *in forma pauperis* to December 18, 2021. (ECF No. 6.) In both of its Orders, (ECF Nos. 3 and 6), the Court advised Plaintiff that if he failed to timely comply, the Court would "assume that he has decided not to pursue this action and will remove this case from the Court's active docket without assessing a filing fee." To date, Plaintiff has failed to comply with the Court's Orders. He has neither filed a complaint, nor paid the filing fee, nor submitted proper documentation showing that he is unable to pay the fee.

Under the circumstances presented in this case, the undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive . . . a case is

properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to comply with the Court's Orders instructing him to file a complaint and to either pay the $402.00 filing fee or submit an application to proceed *in forma pauperis*. (*See* ECF Nos. 3 and 6.) Plaintiff's failure to timely comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed the December 18, 2021 deadline set out in the Court's Order (ECF No. 6) and disregarded the Order, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. Nevertheless, the undersigned concludes that dismissal with prejudice and requiring Plaintiff to pay the filing fee is too harsh a result.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITHOUT PREJUDICE** under Rule 41(b). It is further **RECOMMENDED** that the Court not assess the filing fee in this matter. Finally, it is **RECOMMENDED** that the Court order Plaintiff to list this case (Case No. 2:21-cv-5191) as a related case if he re-files this action.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE